## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BOHANNON-KING & CO. V. VELLINES, ADMINISTRATRIX.

March 15, 1917.

1. APPEAL AND ERROR—*Automobiles*—*Collision.*—Administratrix's decedent was killed, while riding a bicycle, in a collision with an automobile. There was conflict in the testimony as to the speed of the automobile, the precise location of the accident, the conduct of the decedent, and every other material fact in issue. The jury, as judges of the weight of the testimony, had the right to believe that the proximate cause of the accident was the failure of the driver of the automobile to keep a proper lookout; that the machine was going at an excessive rate of speed; that if the driver had been keeping a proper lookout and controlling the machine, he could have avoided the accident, even after the peril of the decedent was discovered; and that, if he had been keeping a proper lookout and had made a proper turn, there would have been no accident. Under these circumstances, and under the mandatory provisions of the statute, requiring the court to consider such cases as upon a demurrer to the evidence, there was no reversible error in the refusal of the court below to set aside the verdict on the ground that it was contrary to the law and the evidence.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. H. Taylor* and *Jas. H. Willcox,* for the plaintiff in error.

*Willcox, Cooke & Willcox,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The only error alleged in this case is the refusal of the court to set aside the verdict on the ground that it is contrary to the law and the evidence.

Vellines was riding a bicycle on Washington street, in the city of Norfolk, proceeding westwardly. The automobile of Bohannon-King & Co. was proceeding southwardly on Monticello avenue until it reached the intersection of Monticello avenue and Washington street, when it turned eastwardly into Washington street. At a point eastwardly from the intersection of Monticello avenue and Washington street the two collided, and Vellines was so badly injured that he subsequently died.

It is earnestly contended by the plaintiff in error that it was entitled to have the verdict set aside because Vellines was clearly guilty of contributory negligence, and that his administratrix cannot, therefore, recover.

There is the usual conflict of testimony as to the speed of the automobile, the precise location of the accident, the conduct of Vellines, and every other material fact in issue. The question involved, however, was properly submitted to the jury, and the evidence submitted by the plaintiff has some corroboration in the evidence submitted by the defendant. The jury were the judges of the weight of the testimony, and had the right to believe, as apparently they did believe, that the proximate cause of the accident was the failure of the driver of the automobile to keep a proper look out at the time he turned the corner of Monticello avenue into Washington street; that the machine was going at an excessive rate of speed; that he made such a sharp turn at the corner as to pass within four or five feet of the northeast curb; that if he had been keeping a proper look out and controlling the machine, he could have avoided the accident, even after the peril of Vellines was discovered; and that if he had been keeping a proper lookout and had made a proper turn so as to throw the machine on the south

side of Washington street, the accident would not have occurred.

Under these circumstances, and under the mandatory provisions of the statute, requiring this court to consider such cases as upon a demurrer to the evidence, it is clear to us that there is no reversible error. The judgment will, therefore, be affirmed.

*Affirmed.*